hMURRAY, Judge,
dissenting.
I respectfully dissent.
The majority attempts to separate the entering of the uncounselled stipulation and the granting of the consent judgment pursuant to La.Rev.Stat. 14:75 from the contempt rule for failure to pay support, characterizing the stipulation as civil. This was the approach taken by the Third Circuit but rejected by the Supreme Court in State v. Broussard, 487 So.2d 1261 (La.App. 3 Cir.), rev’d 490 So.2d 273 (La.1986). As the Court stated in State v. St. Pierre, 515 So.2d 769 (La.1987):
Because the entry of the stipulation operates as an implicit admission that the criminal charge has merit (or at least that the defendant will not contest the charge), and because of the resulting risk of imprisonment, a defendant making such a stipulation is essentially entering a plea , of guilty to a criminal charge.
515 So.2d at 773.
Although I empathize with the quandary facing the juvenile court herein, I cannot agree that its solution is consistent with St. Pierre. For this reason, I believe that the trial court erred when it ordered that the judgments of support would remain in full force and effect and could be used to obtain money judgments against these defendants.